**STATE of Minnesota, Respondent,**

v.

**Lawrence Barret DECKER, Appellant.**

**No. C9–85–193.**

Court of Appeals of Minnesota.

July 23, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Kevin W. Eide, Ralph W. Corey, Eagan, for respondent.

Darrel A. Baska, Eagan, for appellant.

Considered and decided by POPOVICH, C.J., and FOLEY and LESLIE, JJ., with oral argument waived.

## SUMMARY OPINION

LESLIE, Judge.

### FACTS

Eagan Police Officer Kevin Putt stopped appellant Lawrence Decker around 12:30 a.m. on March 8, 1984, after observing Decker's car veer over the center line and travel about 65 m.p.h. in a 55 m.p.h. zone. Putt smelled a moderate amount of alcohol on Decker's breath and observed that his eyes were glassy and bloodshot. Decker was arrested and at the police station consented to a urine sample. The sample produced an alcohol concentration of .11

grams per 67 milliliters of urine. Putt testified that in his opinion Decker was under the influence.

Decker was convicted by a jury of speeding and driving while under the influence, Minn.Stat. § 169.121, subd. 1(a) (1984) and driving with an alcohol concentration over .10, Minn.Stat. § 169.121, subd. 1(d). On appeal Decker contends the evidence was insufficient to support his D.W.I. convictions.

## DECISION

Under well-established principles of appellate review of criminal convictions, *see State v. Ulvinen,* 313 N.W.2d 425 (Minn.1981), the record supports appellant's convictions. The State need not establish the impairment of gross motor and dexterity skills to prove a person is under the influence. *State v. Graham,* 176 Minn. 164, 222 N.W. 909 (1929); *State v. Duemke,* 352 N.W.2d 427 (Minn.Ct.App. 1984). The appellant's expert, who testified the urine sample was invalid, was contradicted by the State's expert, whose opinion had a reasonable basis in fact. We need not address appellant's arguments regarding the constitutionality of Minn.Stat. § 169.121, subd. 2 (1984) because we will not review matters not properly raised at the trial court level and raised for the first time on appeal. *See State v. Packard,* 366 N.W.2d 721, 726 (Minn.Ct.App.1985).

Affirmed.